IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  03-cv-0465-ZLW-PAC

LAWRENCE ELLIS,

      Plaintiff,

v.

BRYAN MOON,

      Defendant.

_____

ORDER OF DISMISSAL
_____

The matter before the Court is Defendant's Motion To Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6) and filed on April 27, 2004.  This action was referred to Magistrate Judge O. Edward Schlatter, and on January 14, 2005, the Magistrate Judge issued a Recommendation For Denial Of Motion To Dismiss.  Defendant Bryan Moon filed an objection to the Recommendation, and, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews Defendant's objection *de novo.*

At the time relevant to this action, Plaintiff Lawrence Ellis was a federal prisoner employed at the Federal Prison Industries (UNICOR) factory at the United States Penitentiary in Florence, Colorado.  Plaintiff alleges that on March 19, 2002, he severed a portion of his index finger while working with a table saw at the UNICOR

factory.  Plaintiff filed this Bivens[1] action on March 17, 2003.  The only claim remaining

in the action is an Eighth Amendment claim against Defendant Moon which alleges that

Moon, the manager of the UNICOR factory, was deliberately indifferent to Plaintiff's

safety at the factory.

Defendant argues that Plaintiff is not entitled to a Bivens remedy because

18 U.S.C. § 4126, the federal prison worker's compensation statute, is the exclusive

remedy for federal inmates' claims concerning work-related injuries.  At the time that

the Magistrate Judge issued his Recommendation and Defendant filed his objection

thereto, the Tenth Circuit Court of Appeals had not addressed the precise issue of

whether § 4126 precludes a Bivens claim for a work-related injury by an inmate.

Several months later, however, the Tenth Circuit held in the unpublished case of

Alvarez v. Gonzales[2] that "the compensation benefits provided for by

18 U.S.C. § 4126(c)(4) constitute the exclusive remedy for 'injuries suffered . . . in any

work activity in connection with the maintenance or operation of the institution [in which

the inmates are] confined,'"[3] and that the plaintiff therefore was "barred from litigating

his Bivens claim since the cause of his original injury was work-related and

compensable only under 18 U.S.C. § 4126."[4]  The Alvarez court relied on United States

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2]155 Fed. Appx. 393 (10th Cir. 2005).

[3]Id. at 395 (quoting 18 U.S.C. § 4126(c)(4)).

[4]Id. at 396.

v. Demko[5] and <u>United States v. Gomez</u>,[6] both of which held that actions by federal

prisoners for injuries sustained during prison work cannot be maintained under the

Federal Tort Claims Act because 18 U.S.C. § 4126 is the exclusive remedy for such

injuries.  While <u>Alvarez</u> is not binding precedent, it has persuasive value,[7] and is the

only Tenth Circuit case directly addressing the issue at hand.  The Court, guided by

<u>Alvarez</u>, concludes that 18 U.S.C. § 4126 is Plaintiff's exclusive remedy and bars his

<u>Bivens</u> claim for the alleged work-related injury.  Accordingly, it is

ORDERED that Defendant's Objection To Magistrate Judge's Recommendation

(Doc. No. 44) is sustained.  It is

FURTHER ORDERED that Defendant's Motion To Dismiss (Doc. No. 33) is

granted.  It is

FURTHER ORDERED that the Complaint and cause of action are dismissed

without prejudice to Plaintiff seeking relief under 18 U.S.C. § 4126.

DATED at Denver, Colorado, this  _12_  day of April, 2006.

BY THE COURT:

_____

ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[5]385 U.S. 149, 153 (1966).

[6]378 F.2d 938, 939 (10th Cir. 1967) (per curiam).

[7]<u>See</u> 10th Cir. R. 36.3.