IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 03-cv-00465-ZLW-PAC

LAWRENCE ELLIS,

    Plaintiff,

v.

BRYAN MOON,

    Defendant.

_____

ORDER
_____

The matter before the Court is Plaintiff's Motion For Reconsideration (Doc. No. 62). The Court dismissed this action on April 12, 2006 finding persuasive <u>Alvarez v. Gonzales</u>[1] (<u>Alvarez</u>) where the United States Court of Appeals for the Tenth Circuit held that the plaintiff's <u>Bivens</u>[2] claim was barred "since the cause of his original injury was work-related and compensable only under 18 U.S.C. § 4126."[3] Plaintiff contends the Court's Order Of Dismissal was based on a manifest error of law.

---

[1] 155 F. App'x. 393 (10th Cir. 2005).

[2] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[3] <u>Alvarez v. Gonzales</u>, 155 F. App'x. at 396.

1

Plaintiff has provided the Court with a copy of Magistrate Judge Gary M. Purcell's Recommendation[4] in the Alvarez litigation, which was approved by the District Court for the Western District of Oklahoma and thereafter affirmed in the Tenth Circuit.[5] Plaintiff argues the Recommendation was based solely on the grounds that a prisoner's tort claims for work-related injuries cannot be maintained against government defendants because § 4126 is the exclusive remedy for such injuries against the government. The Plaintiff claims the Recommendation was not decided on the grounds that *all* Bivens actions for work-related injuries are barred by § 4126. The Court does not read the Recommendation in such a manner.

In explaining why plaintiff's Bivens action should be dismissed, the Magistrate Judge provided the following justifications: 1) "[p]laintiff has not alleged the personal participation of either of the named [d]efendants in this claim," which is required in a civil rights action[6]; 2) "[p]laintiff cannot bring a Bivens claim against [d]efendants in their official capacities"[7]; 3) "§ 4126(c) is the exclusive remedy for 'work-related injuries or claims alleging improper medical treatment of a work related injury' involving a federal

---

[4]Alvarez v. Ashcroft, No. CIV-04-774-L (W.D. Okla. July 28, 2004).

[5]Alvarez v. Gonzales, 155 F. App'x. at 398.

[6]Alvarez v. Ashcroft, slip op. at 4.

[7]Id. at 5

2

prisoner"[8]; 4) "[p]laintiff's conclusory allegations of negligent conduct by prison medical staff or outside medical providers do not state a claim of constitutional deprivation"[9]; and 5) "[t]o the extent that [p]laintiff's allegations can be generously construed to assert a claim for deliberate indifference to [p]laintiff's serious medical needs under the Eighth Amendment," the plaintiff had failed to exhaust his administrative remedies.[10] While one justification for dismissal was due to plaintiff alleging a tort claim (namely, negligence), this was not the exclusive or only reason given. Three additional independent reasons were provided for dismissing the Bivens claim including the finding that § 4126(c) was plaintiff's exclusive remedy. Therefore, the Court does not read the Recommendation as determining the Bivens claim was barred by § 4126 exclusively because it only alleged a tort claim.

To the extent the Recommendation is unclear, the Tenth Circuit's opinion in Alvarez dispels any ambiguity. In Alvarez the court expressly stated that plaintiff was "barred from litigating *his Bivens claim* since the cause of his original injury was work-related and is compensable only under 18 U.S.C. § 4126."[11] Nowhere in Alvarez is it indicated or implied that plaintiff's Bivens claim was preempted by § 4126 because it

---

[8] Id. (quoting 28 C.F.R. § 301.301(b) (2004) and citing U.S. v. Demko, 385 U.S. 149 (1966)).

[9] Alvarez v. Ashcroft, slip op. at 5.

[10] Id. at 5-6.

[11] Alvarez v. Gonzales, 155 F. App'x. at 396 (emphasis added).

3

only alleged a tort claim.[12] The Court finds no reasonable basis for distinguishing Alvarez and cannot ignore the holding of that case, which is the only statement from the Tenth Circuit on the present issue.[13] Accordingly, it is

ORDERED that Plaintiff's Motion For Reconsideration (Doc. No. 62) is denied.

DATED at Denver, Colorado, this __21__ day of November, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[12] Plaintiff also argues Alvarez can be distinguished from the present case since the defendants in Alvarez were sued only in their official capacity while the Defendant here was sued in his individual capacity. However, Alvarez analyzed whether the pro se plaintiff had a *potentially* valid Bivens claim, not whether the plaintiff had pled the Bivens claim correctly. Thus, plaintiff's procedural defect in Alvarez was not a factor in the court's decision. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se plaintiff's complaint will be construed liberally).

[13] See, e.g., Garcia-Comacho v. Maldonado, No. 5:06CV1, 2006 WL 1319661, at * 3 (E.D. Tex. May 15, 2006) (citing Alvarez for the proposition that, in prisoner work related injury cases, "[t]he Tenth Circuit has held that § 4126 is exclusive and a Bivens claim is barred"); Monroe v. U.S., No. 6:06-411-DCR, 2006 WL 3021139, at *2 (E.D. Ky. Oct. 23, 2006) (same).